QUESTION: Does s. 901.33, F. S., which requires expunction of all records related to certain arrests for, and charges, trials, and dismissals of charges of, certain violations of law or ordinance upon order of the court apply to records in the custody of state attorneys?
SUMMARY: Section 901.33, F. S., which requires the expunction of all records related to certain arrests for, and charges, trials, and dismissals of charges of, certain violations of law or ordinance upon order of the court is applicable to records in the custody of state attorneys. Section 901.33, F. S., provides in pertinent part: If a person who has never previously been convicted of a criminal offense or municipal ordinance violation is charged with a violation of a municipal ordinance or a felony or misdemeanor, but is acquitted or released without being adjudicated guilty, he may file a motion with the court wherein the charge was brought to expunge the record of arrest from the official records of the arresting authority. . . . The court shall issue an order to expunge all official records relating to such arrest, indictment or information, trial, and dismissal or discharge. . . . The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or indictment or information. . . . In AGO 075-29, I concluded that the provisions of s. 901.33, F. S., clearly mandate and require the physical destruction or annihilation of all records suggesting that a person who meets the tests of s. 901.33 has been arrested or charged with a criminal offense or municipal ordinance violation. Further, it was stated that the retention of evidence or statements relating to a person whose records are to be expunged would not be sufficient compliance with an order to expunge even though all reference to the person in question is removed and the paper and documents are retained in a safe and secure place. That opinion also suggests that when an order to expunge directs that all records relating to a particular person in a given designated proceeding are to be expunged, all such records must be physically destroyed, and if there should be any doubt as to whether certain records come within the meaning and intent of the order to expunge, then clarification should be requested from the judge who issued the order. The same conclusions are equally applicable to any records in the custody or possession of the state attorney in any way related to or supplied by the arresting authority (and its records) or relating to the indictment of a person coming within the terms of s. 901.33 or information made or issued against such person or the trial of such person and the dismissal or discharge of such persons in the circumstances and on the conditions prescribed in s. 901.33.
The "records" referred to in s. 901.33, supra, are governed exclusively by the provisions of that act and the order of the court irrespective of whether such records are "public records" within or exempted from Ch. 119, F. S., and, accordingly, the court order issued pursuant to s. 901.33 must be obeyed. In effect, s. 901.33 constitutes a statutory exception from s. 119.041, F. S., which regulates the destruction of public records. Accord: Attorney General Opinion 075-29. Therefore, neither the provisions of Ch. 119, F. S., and exemptions therefrom, the "work-product" doctrine, nor the so-called "police secrets rule" has anything to do with and does not operate in any way to intercede with, inhibit the operative effect of, or bar, halt, or interrupt s. 901.33, F. S., in its legal effect and efficacy. Section 901.33 is a legislative grant of jurisdiction to the judiciary and confers the rights designated therein on certain persons in the circumstances and subject to the conditions prescribed in s. 901.33, F. S. Except insofar as s. 901.33 may itself limit or restrict, no other limitation or restriction exists and nothing else may restrain the power of the court to order such records expunged — except, of course, a higher tribunal. Your question is, therefore, answered in the affirmative.